UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL HIGGINS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:17-cv-00119-RDP |
| } | |
| **UNITED STATES STEEL** } | |
| **CORPORATION,** } | |
| } | |
| **Defendant.** | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand (Doc. # 10), filed on February 23, 2017. The Motion (Doc. # 10) has been fully briefed (Docs. #12 & #13) and is properly under submission. A hearing was conducted on this matter on April 10, 2017. For the reasons outlined below, the Motion (Doc. # 10) is due to be denied.

**I.  Background and Relevant Facts**

Plaintiff Michael Higgins initiated this lawsuit against Defendant United States Steel Corporation on November 28, 2016, in the Circuit Court of Jefferson County, Alabama, Bessemer Division. (Doc. # 1-1). Defendant filed a Notice of Removal (Doc. #1) and an Answer to Plaintiff's Complaint (Doc. # 2) on January 23, 2017. Plaintiff then filed a Motion to Remand (Doc. # 10) on February 23, 2017.

This suit arises out of conduct which occurred while Plaintiff was an employee of Defendant. Plaintiff was employed as a Maintenance Supervisor at United States Steel Corporation. (Doc. # 1-1 at ¶ 4). At some point while he was employed, Plaintiff suffered multiple foot injuries. (*Id.* at ¶ 5). Plaintiff alleges Defendant treated him with "open and inappropriate ridicule" as a result of his injuries. (*Id.* at ¶ 7). Specifically, Plaintiff alleges that

employees of Defendant: (1) called Plaintiff "Downsey" publicly because a plant manager believed that Plaintiff had the appearance of someone with Down Syndrome, called Plaintiff "pussyfoot," and called Plaintiff other names; (2) made harassing phone calls to Plaintiff's family; (3) openly ridiculed Plaintiff's alleged medical conditions; (4) damaged Plaintiff's work station; and (5) placed dirty urinal pads in Plaintiff's work station. (*Id.* at ¶¶ 6-21).

Based on this conduct, Plaintiff brings a single claim against Defendant for the tort of outrage. (*Id.* at ¶ 22). Plaintiff's Complaint seeks compensatory damages for his emotional distress, as well as punitive damages, court costs, and any other equitable relief available. (*Id.* at p. 9).

## II. Standard of Review

It has long been recognized that federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Indeed, federal courts may only exercise jurisdiction conferred upon them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Anytime a "federal court acts outside its statutory subject matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Uni. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971)).

Generally, any action filed in state court, over which a district court would have original jurisdiction, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction for the purpose of a valid removal to this court is squarely on the removing party. *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d

1350, 1353 (11th Cir. 2005). Federal courts strictly construe removal statutes and resolve all doubts in favor of remand. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-30 (11th Cir. 2006).

**III. Discussion**

In instant case, Defendant's removal is premised on diversity jurisdiction, which requires complete diversity of citizenship among the parties and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. There is no dispute in this case that the parties are of diverse citizenship[1]; the sole issue is whether the suit involves the requisite amount in controversy. (*See* Doc. # 10).

In a case such as this one, where a plaintiff has not demanded a specific amount of damages in the initial pleading, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "[A] removing defendant is not required to the prove the amount in controversy beyond all doubt or to banish all uncertainty about it," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); rather, it must prove that "the amount in controversy *more likely than not* exceeds the jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added).

Plaintiff argues that Defendant has failed to meet this burden with respect to the amount in controversy in this case. For its part, Defendant notes that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Accordingly, Defendant highlights (1) the type of claim Plaintiff raises (*i.e.*, a tort of outrage claim that seeks compensatory, emotional distress, and punitive damages) and (2) the

---

[1] Plaintiff is a citizen of Alabama, while Defendant is a corporation incorporated in Delaware with its principal place of business in Pennsylvania. (*See* Doc. # 1-1 at ¶ 2; Doc. # 1 at ¶ 11). Accordingly, the parties are completely diverse.

3

value of similar cases. (Doc. # 1 at ¶¶ 17, 18 (citing *Continental Casualty Ins. Co. v. McDonald*, 567 So. 2d 1208 (Ala. 1990) (jury returned a verdict of $750,000 where the plaintiff alleged the tort of outrage involving workers' compensation benefits); *Travelers Indemnity Co. of Illinois v. Griner*, 809 So. 2d 808, 809 (Ala. 2001) (jury returned a verdict of $500,000 total damages in a tort of outrage case))).

Defendant has met its burden, and has demonstrated by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. A defendant may satisfy its burden by submitting additional evidence, or "other paper," to demonstrate that the jurisdictional minimum is met. *See Roe*, 613 F.3d at 1061; *Lowery v. Ala. Power Co.*, 493 F.3d 1184, 1218 (11th Cir. 2007). While Defendant has not presented "other paper" evidence, it is instructive that Plaintiff has at no point argued that he seeks less than $75,000. Moreover, when asked on the record at the hearing on this motion whether Plaintiff was seeking less than $75,000, Plaintiff's counsel (1) indicated he could not make that representation to the court, and (2) would not stipulate to such a limitation.

Armed with its "judicial experience and common sense," the court finds that Defendant has demonstrated that the amount in controversy more likely than not exceeds $75,000. *Roe*, 613 F.3d at 1062. In addition to the evidence presented, the court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" when assessing the amount in controversy. *Pretka*, 608 F.3d at 754. An outrage claim requires a showing of conduct "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *S.B. v. Saint James Sch.*, 959 So. 2d 72, 93 (Ala. 2006). This alone counsels in favor of finding that the jurisdictional requirement has been met. *See Martin v. Coventry Health Care Workers*

4

*Comp., Inc.*, 2012 WL 1745580, at *5 (N.D. Ala. May 14, 2012). Defendant concedes that Plaintiff has pleaded a viable outrage claim. While both parties agreed that the court is not currently called upon to address the issue, Plaintiff has pled specifically, and in detail, the allegations which support his outrage claim. Plaintiff contends these allegations are egregious, and Defendant asserts that the allegations support a finding that the jurisdictional minimum has been met. Based on the court's common sense valuation, and informed by reasonable deduction, the court concludes that "[w]hile it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is… exceeds $75,000." *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2010).

Plaintiff's claim for punitive damages further supports this conclusion. A punitive damage award requires clear and convincing proof that the defendant consciously or deliberately engaged in fraud, malice, wantonness, or oppression. Ala. Code § 6-11-20(a). And, "[w]hen determining the jurisdictional amount in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted). Plaintiff has alleged serious misconduct, and his Complaint further seeks relief (by way of punitive damages) for Defendant's conscious or deliberate actions. Generally, after filing such a pleading, a plaintiff will not be permitted to "disclaim the seriousness of [a] defendant['s] alleged misconduct." *Robinson v. Affirmative Ins. Holdings, Inc.*, 2013 WL 838285, at *4 (N.D. Ala. Mar. 1, 2013). The misconduct alleged in Plaintiff's Complaint, coupled with his claim for punitive damages, more likely than not warrant relief which may exceed the jurisdictional requirement.

**III.    Conclusion**

For the reasons outlined above, Plaintiff's Motion to Remand (Doc. # 10) is due to be denied. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this April 10, 2017.

    **R. DAVID PROCTOR**
    UNITED STATES DISTRICT JUDGE